Cipriano Manrique, Plaintiff and Appellee, *v.* Antonio Ramírez-González et al., Defendants and Appellants.

No. 4137. Argued April 2, 1928.—Decided July 12, 1928.

*Rafael Arce* for the appellants. *González Fagundo & González Jr.* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Judgment was rendered in this case by the Supreme Court on July 26, 1927, reversing the judgment appealed from rendered by the district court on May 12, 1925, as to appellants Juan, Joaquín and Dolores Jiménez Matute and dismissing the complaint as to them without special pronouncement of costs. The judgment was affirmed as regards the other defendant, Antonio Ramírez González.

On the 6th of the following month of August the mandate was sent down to the lower court and on the 10th of the same month the clerk of the district court acknowledged its receipt.

At this stage, on October 21, 1927, the appellee moved this Supreme Court to reconsider its judgment of July 26, 1927.

The court set a day for hearing the parties on the motion to reconsider and the appellants alleged, among other things, that the motion to reconsider had been filed too late.

The appellants showed also that not only had the mandate been received by the district court, but that the judgment rendered by this court and docketed in the district court had been executed, and in pursuance thereof motions had been

made on August 24 and September 15, 1927, with notice to the appellee, for the dissolution of the attachment on the property of the appellants, it having been so ordered by the court on August 24 and September 26, 1927. Certified copies of the motions and the orders were exhibited. The first order declared void the attachment on a certain sum of money, directing its return to the appellants, and the second order directed the cancellation of any record made in the registry by reason of the attachment on the property of the appellants for the purpose of securing the effectiveness of any judgment to be rendered. On being served with a copy of the second motion the attorney for the appellee signed: "Notice accepted."

These being the facts, no other conclusion can be reached than that the motion to reconsider was made too late.

In *Falco* v. *Succession of Suau*, 18 P.R.R. 713, this court said that about five months having elapsed between the time of rendering the judgment and that of filing the motion for reconsideration, without any justification for the delay, this alone would be sufficient ground for overruling the motion.

Here the appellee delayed for nearly three months in making his motion. The only explanation given by him at the hearing, if our memory does not fail us, was that there was no hurry as this court was in vacation. This explanation is without merit. If the motion had been presented within ten days or if within that time application had been made for an extension of time for making the motion and the retention of the mandate had been requested, it would not have been sent down to the district court. Nothing was said by the appellee in justification of his failure to act in that way. No allegation has been made either of fraud, accident, inadvertence or error.

Although neither the law nor the rules of this court fix any time for presenting motions to reconsider, the practice has been not to send down the mandates until after ten days from the rendition of the judgments. It is within those ten

days that motions to reconsider should be made, or at least notice of their presentation with a request to hold back the mandate.

In the case of *Royal Bank of Canada* v. *Goico et al.*, decided *per curiam* on March 10, 1926, the court said:

"After a consideration of the motion raising the question of lack of jurisdiction filed by the plaintiff-appellee and as it appears from the accompanying certificate and from the record that the motion of the appellants for a rehearing was filed more than ten days after the rendition of the judgment whose reconsideration is sought and after the judgment had been docketed in the district court and the appellee had filed a memorandum of costs which was attacked by the appellants, and in view of paragraph 150 of 2 Ruling Case Law, p. 174, the order of this court of July 22, 1925, is set aside and the judgment appealed from is affirmed."

The citation from Ruling Case Law is very interesting and is transcribed in full. It is as follows:

"The petition for a rehearing must be filed within the time prescribed by the statutes or rules of court, and a petition filed within the prescribed time will be considered. A motion to modify a mandate of the supreme court is in the nature of a petition for a rehearing, and may be filed, during the time allowed for a rehearing, on behalf of a party who has not waived it, although the opinion has been certified by the clerk to the court below. When a petition for a rehearing is duly filed, it is the usual practice to permit amendments after the time for filing the petition has expired, assigning addit'onal grounds for the rehearing. Where, after the decision of a case and the rendition of an opinion by the appellate court, its mandate is regularly transmitted to the trial court, and spread on its records, it is well settled that the appellate court, in the absence of fraud, accident, inadvertence or mistake, is without jurisdiction to recall the mandate and entertain a petition for a rehearing, and a motion for leave to file the same will be denied, as it is manifest that there must be a finality somewhere in all litigation and the logical point for appellate jurisdiction over an action to terminate is that time when there is again vested in the trial court jurisdiction to proceed, carry out and enforce any judgment delivered. Also it has been held that the court has no power to grant a rehearing after its final judgment on the merits has been made a matter of record.

Furthermore, the general rule that the jurisdiction of a court over its judgments does not extend beyond the term has been applied to an appellate court, and it has been held that such court has no power after the term at which the judgment was rendered to set it aside and grant a rehearing.'' 2 R.C.L. 175.

As this is a question of practice which should be well known, it seems proper to transcribe also the abstract of the jurisprudence bearing thereon as found in Corpus Juris, as follows:

''The question as to how long a purely appellate court retains jurisdiction over a cause is not to be decided always upon the same principles as those which regulate the jurisdiction of courts of general jurisdiction. The jurisdiction of an appellate court over a case is generally lost upon the issuance and transmission of the mandate, and it is certainly lost after the mandate has been filed in the lower court, and action taken thereon; but, as hereinafter shown, the appellate court may, for some purposes, recall the mandate for the purpose of reinvesting itself with jurisdiction. In some cases it is held that the appellate court is without jurisdiction after the record has been remitted to the lower court. Where the remittitur has not been transmitted to the lower court, the case remains in the appellate court until the end of the term at which it is decided; and in some cases it is held that the appellate court retains jurisdiction until the end of the term, even though the remittitur may have been issued. In case a judgment has been affirmed without remand and a petition for rehearing has been denied, the cause is no longer pending in the appellate court and cannot be revived by the issuance of a procedendo by the clerk.

''In some states it is held that it is competent for the appellate court to decide whether it shall resume jurisdiction for any purpose, and that when it so decides it may recall the mandate so as to reinvest itself with jurisdiction. This rule has been criticized by the courts of other states which have refused to adopt such a broad rule. The rules most generally adhered to are that an appellate court is without power to recall a mandate regularly issued without inadvertence, and that it will not recall the mandate for the purpose of reëxamining the cause on the merits, for the purpose of granting supplemental relief, for the purpose of changing the substance and effect of its final determination, because an alleged adverse party was not made a party to the appeal, or for the purpose of striking harmless

surplusage from the judgment. It may recall the mandate where there are clerical errors or fraud in the judgment, where the mandate does not conform to the judgment, where a party did not apply for a rehearing because of erroneous information given him by the clerk of the appellate court, or where the mandate was prematurely and erroneously issued before the expiration of the time allowed by statute for a rehearing or for the taking of appeal or error proceedings to a still higher court, it being necessary, except in the federal courts, that a mandate already issued be recalled before an appeal can be taken to a still higher court, although a mandate will not be recalled for the purpose of allowing an appeal from orders which are determined not to be appealable. In some jurisdictions it has been flatly denied that the court has any power to recall its mandate after the expiration of the term at which the judgment was rendered and the mandate issued. Regardless of its jurisdiction, the appellate court will deny a motion to recall the mandate where the moving party is guilty of laches and lack of due diligence, or where he has not complied with a court rule by serving affidavits and notice of motion on the opposite party. Other rulings are that a motion to correct the judgment is in effect a motion to recall the remittitur, that a mandate may be recalled in vacation, and that, after one motion to recall a mandate has been acted upon, another will not lie.

"After a cause has been decided on appeal and the case remanded, the appellate court has no jurisdiction to grant a rehearing, at least unless it first recalls the mandate for the purpose of reinvesting itself with jurisdiction. Where the clerk of the appellate court is required by statute to remit the papers in the case to the lower court within a certain period of time after judgment rendered, the court has no jurisdiction to grant a rehearing after the lapse of the statutory period regardless of whether the papers have actually been remitted or not." · 4 C. J. pages 1244-1246.

The text continues epitomizing the jurisprudence on the power of the court to annul, modify or set aside its judgments *motu proprio* and in regard to the time within which it may do so.

In the present case the motion for reconsideration is simple. It does not ask for a recall of the mandate and we know already that the mandate was not only sent down but also was docketed and effective in the district court with the consent of the appellee.

By virtue of the foregoing the motion for reconsideration in the present case must be overruled.